UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25cv-85-RGJ
*Electronically Filed*

TIFFANY ALMEYDA
and
KENNETH FELT JR.                                              PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER                                                 DEFENDANTS

## JOINT RULE 26(f) REPORT

In accordance with the Court's Order for Meeting and Report (D.N. 9, ¶ 5), the undersigned counsel provide as follows:

a)  The following **attorneys** participated in the drafting of the FRCP 26(f) Report: (1) Adrian Mendiondo, on behalf of Plaintiffs Tiffany Almeyda and Kenneth Felt Jr.; and (2) Christina R.L. Norris, on behalf of Defendant Wooster Motor Ways, Inc.

b)  **The parties do not agree on any aspect of this report. Their positions on each issue are as follow**:

> i. **Defendants statement of the case**: Briefly, the **facts of this case** involve a fatal, multi-vehicle collision on August 12, 2024, along Interstate-64 westbound in Jefferson County, Kentucky. Defendant Wooster was the owner of the tractor-trailer involved in the collision. Wooster's truck was being operated by Defendant at the time of the collision. Piper collided with a vehicle operated by Colton Tanner

1

(deceased), which started a chain reaction of between Tanner's vehicle and the vehicle driving by the Plaintiffs herein, Tiffny Almeyda and Kenneth Felt ("Almeyda/Felt"). It was later determined that Piper was operating the Wooster truck with a blood alcohol content of 0.204. On September 18, 2024, a Jefferson County Grand Jury returned an indictment against Piper on charges of murder, operating motor vehicle under the influence of alcohol under aggravating circumstances, assault in the second degree, assault in the fourth degree, four counts of wanton endangerment in the first degree, and reckless driving. Piper entered a plea of not guilty and remains in custody of Louisville Metro Department of Corrections, with a $500,000 full cash bond. A myriad of procedural and legal issues are raised by this fact pattern.

  ii. **Plaintiff's statement of the case**. This is a clear liability trucking collision. The Defendant Piper was driving for Defendant Wooster Motor Ways when he caused the crash. He was drunk and is now in jail, but that has no bearing on liability, causation, or injuries.

c) **Discovery plan. Undersigned counsel have conferred more than once regarding the facts and issues in this case and have not agreed on a discovery plan**.

  a. **Defendant's Position**: Counsel for Defendant Wooster has explained the concerns regarding proceeding with the case in any fashion for the reasons stated in Defendant Wooster's Motion to Stay Proceedings, filed simultaneously herewith. Therefore, the parties have not made any progress regarding the specific requirements under Rule 26(f)(3).

b.  **The Plaintiff proposes the following discovery plan pursuant to Rule 26(e)(3):**

   i. The parties will exchange initial disclosures under Rule 26(a) on or before **April 18, 2025.**

   ii. This case arises out of a motor vehicle accident. The Plaintiff anticipates discovery will be needed on the following subjects: liability for and the facts of the accident, causation, Plaintiffs' alleged damages, and Defendants' affirmative defenses. The Plaintiff does not believe discovery should be conducted in phases or initially limited to particular issues.

   iii. Disclosure or discovery of electronically stored information (ESI) will be handled as follows: given the nature of the claims, the parties do not currently anticipate that this is a case in which there will be significant ESI to search for, produce, and/or review; to the extent ESI exists, the parties will work together to exchange ESI in formats that are compatible with their counsel's ESI processing and review software and via PDF if requested; and to the extent any issues arise with the scope of ESI sought and/or its production, the parties will work together in good faith to resolve all such issues.

   iv. If necessary, the parties will file an agreed confidentiality and protective order regarding the parties' and any non-parties' production of confidential and/or proprietary information and documents in the

case. The Plaintiff does not anticipate any issues about claims of privilege or trial preparation materials at this time.

v. The Plaintiff does not propose any limits on the number of written discovery requests or the length of the depositions, other than those contained in the Federal Rules of Civil Procedure. Counsel will seek to resolve any discovery disputes in good faith prior to seeking judicial intervention.

vi. The Plaintiff proposes the following procedure regarding the handling of privileged information or documents protected by the attorney work product doctrine that are inadvertently produced, as follows: The parties agree that the inadvertent production of documents or information shall not, in and of itself, waive any privilege that would otherwise attach to the documents or information produced. Promptly upon learning of the inadvertent production, the producing party shall give opposing counsel notice of the claimed inadvertent production. A party receiving documents is under a good-faith obligation to promptly alert the producing party if a document appears on its face or in light of facts known to the receiving party to be privileged. Once an inadvertently produced document has been identified, the receiving party must promptly return, or sequester the specified information and may not use or disclose the information until the privilege claim is resolved. Upon resolution of an inadvertent production claim in favor of the producing party, the originally produced documents and all

copies shall be returned to the producing party.  The parties do not request an order under Federal Rule of Evidence 502.

      vii. The Plaintiff is not presently aware of any other orders the Court should issue under Rule 26(c) or Rule 16(b).

d) **Scheduling: The Defendant Wooster does not agree to any deadlines being set at this time for the same reason set forth in Defendant Wooster's Motion to Stay.** However, the Defendant Wooster currently anticipates that once all of the indispensable parties are before the Court, the trial should take 4 – 5 days. Defendant Wooster requests a final pre-trial conference on or about <u>eight (8) weeks before trial commences</u>.

**The Plaintiff proposes the following deadlines be set in this litigation**:

a. All motions for leave to amend the pleadings and/or join additional parties shall be filed on or before **June 17, 2025**.

b. The parties will serve any supplementation required by Rule 26(e) no later than thirty (30) days before the close of discovery.

c. Plaintiffs will serve their expert disclosures and reports no later than **October 17, 2025.** Defendants will serve their expert disclosures and reports no later than **December 17, 2025**.

d. The parties will complete all fact and expert discovery by **February 17, 2026**.

e. Dispositive motions shall be filed on or before **March 17, 2026**.

f. The parties will file their Rule 26(a)(3) final witness lists, exhibit lists, and designation of witnesses whose testimony will be presented by deposition no later than sixty (60) days before trial.

g.  The parties will file objections under Rule 26(a)(3) no later than forty-five (45) days before trial.

h.  The Plaintiff ask that this case be set for a <u>jury trial on or about **May 2026**</u>. The parties currently anticipate the trial will take 3 days. The parties request a final pre-trial conference on or about <u>four (4) weeks before trial commences</u>.

e)  **Other items:**

   a.  The parties agree to accept electronic service of pleadings and documents in lieu of hard copies.

   b.  The parties do not consent to jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c).

   c.  However, the parties provide generally as follows insofar as the general duties under this Rule:

**Defendant Wooster provides as follows with regard to Other Items**:

1.  Defendant Wooster would not object to an early settlement conference. The parties have exchanged medical treatment information and had early settlement discussions. Even under the present circumstances, if an early settlement conference could resolve the case with the Almeyda/Felt Plaintiffs without unnecessarily eroding the policy limits for the remaining case of the decedent.

   I have seen and agree with the foregoing Joint Rule 26 Report.

*/s/ Adrian Mendiondo(with permission)*  */s/ Christina R.L. Norris*
Adrian Mendiondo                         Christina R.L. Norris
*Counsel for Plaintiffs*                 *Counsel for Defendant Wooster Motor Ways*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 14th day of April 2025, I electronically filed this document through the ECF system:

    Adrian Mendiondo
    Morgan & Morgan, Kentucky, PLLC
    333 West Vine St., Suite 1200
    Lexington, KY 40507
    amendiondo@forthepeople.com
    *Counsel for Plaintiffs*

                                        */s/Christina R.L. Norris*
                                        *Counsel for Defendant*
                                        *Wooster Motor Ways, Inc.*

***Courtesy Copy via USPS:***

    Richard Piper
    400 S 6th Street
    Louisville, KY 40202
    Inmate #656299