UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25cv-85-RGJ
*Electronically Filed*

TIFFANY ALMEYDA
and
KENNETH FELT JR.                                                                PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER                                                                    DEFENDANTS

---

**PLAINTIFFS' RESPONSE TO DEFENDANT WOOSTER MOTOR WAYS, INC.'S MOTION FOR STAY**

---

I.  **Introduction**

This is a clear liability tractor-trailer collision case. Richard Piper, while driving a tractor-trailer for his employer, Wooster Motor Ways, Inc., rear-ended multiple vehicles, killing one person, Colton Tanner, and injuring two others, Tiffany Almeyda and Kenneth Felt, who are the Plaintiff's in this case. Piper was drunk at the time he caused the collision; he has been indicted on felony charges as a result.

At issue is Wooster Motor Ways' Motion to Stay this claim, which improperly asserts Piper's Fifth Amendment privilege as grounds to protect Wooster Motor Ways from having to participate in discovery. Piper has not

1

filed an Answer and has not moved to stay these proceedings. If he files such a motion, a limited stay protecting his Fifth Amendment rights might be appropriate, but no such motion is pending before this Court. Wooster Motor Ways has no Fifth Amendment Privilege to assert, and it cannot raise Piper's Fifth Amendment Privilege on its own behalf.

Wooster also wrongly argues that Almeyda and Felt cannot proceed on their claims unless and until the Estate of Colton Tanner elects to file suit as well. There is no law requiring all potential plaintiffs to file an action before any potential Plaintiffs can proceed. Indeed, this would be an impossible rule to enforce, as Almeyda and Felt have no control over when, or even if, the Estate of Colton Tanner brings a claim. What the Estate of Colton Tanner chooses to do simply has no bearing on Felt's and Almeyda's right to pursue their cause of action.

## II. Argument

### A. Standard of Review

"[N]othing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) *(quoting Chao v. Fleming,* 498 F.Supp.2d 1034, 1037 (W.D.Mich.2007) and *S.E.C. v. Novaferon Labs, Inc.,* No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th

Cir. Aug. 14, 1991). While the power to enter a stay rests with the district court, it "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay bears the burden for establishing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*

When considering whether a stay is appropriate as a result of a criminal indictment, the district court is directed to look at six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d at 627. The most important factor that the court should consider is the balance of hardships. *Id.*

### B. A Motion to Stay must be evaluated with respect to the specific party making the Motion – a corporate defendant cannot rely on an individual co-Defendant's Fifth Amendment privilege as grounds to stay claims against the corporate defendant.

This court has recently found that a corporate defendant cannot utilize criminal charges pending against an individual co-defendant to stay claims arising from the same conduct against the corporate defendant. *Embry v.*

3

*Discount Motors, LLC*, 4:23-CV-00078-HBB, 2024 WL 558260, at *1 (W.D. Ky. Feb. 12, 2024). In *Embry*, claims were brought against a corporate Defendant, Discount Motors, and its employees, Eddie Howard and Donald Adams, alleging that all were liable for criminal actions by Howard and Adams. *Id.* Adams and Discount Motors moved to stay all discovery in the case based upon criminal charges then pending against Adams.

This Court began its analysis with the well-established rule that an individual co-defendant's Fifth Amendment privilege does not extend to a corporate co-defendant, explaining:

> As Plaintiffs point out, the discovery requests they have submitted in the case thus far are only directed to Discount Motors, and not to Adams. No criminal charges are pending against Discount Motors (DN 25 PageID # 126). Moreover, Discount Motors is a business entity (DN 25-5 PageID # 157). As a limited liability company, like other corporate entities, Discount Motors is not entitled to assert a privilege against self-incrimination under the Fifth Amendment. "It has long been settled in federal jurisprudence that the constitutional privilege against self-incrimination is 'essentially a personal one, applying only to natural individuals.' It 'cannot be utilized by or on behalf of any organization, such as a corporation.'"

*Id.* Quoting *George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 288-89 (1968) (quoting *United States v. White*, 322 U.S. 694, 698-99 (1944)).

This Court then applied the distinct interests and rights of the indicted individual defendant and unindicted co-defendant to each factor of its analysis.

4

*Id.* at *2. For example, when assessing the overlap of the criminal and civil cases and whether the movant had been indicted, the Court explained: "This factor weighs in favor of Adams, but not against Discount Motors, as it is not subject to any criminal proceedings. The same holds true for the second element, as Adams has been indicted. Again, Discount Motors has not." Similarly, when it considered the burden of discovery on the defendants, the Court explained:

> As to the private interest and burden on Adams, if discovery moves forward regarding his participation in the alleged wrongful conduct, he will be entitled to assert his Fifth Amendment privilege against self-incrimination. On the other hand, Discount Motors is not entitled to assert such an objection, and Howard has not sought a stay of discovery.

*Id.*

Because of these separate rights and interests, the Court declined to stay discovery against the unindicted corporate defendant, and only stayed discovery against its employee, Adams. Id. The Court also did not enter a stay of discovery against the other individual defendant, Howard, who had not filed a Motion for Stay. Id. ("In sum, the factors weigh in favor of a stay of discovery regarding Adams, but not Discount Motors. Howard has not sought a stay.")

C. None of the factors weigh in favor of staying this case against Wooster Motor Ways.

With respect to Wooster Motor Ways, none of the factors weighs in favor of a stay. Regarding the first two factors, there is no overlap between the

5

criminal and civil cases, as no criminal charges are pending against Wooster Motor Ways and Wooster Motor Ways has not been indicted. Thus, both factors weigh against Wooster Motor Ways.

Turning to the third factor, Almeyda and Felt have a substantial interest in pursuing their claims against Wooster Motor Ways and could face significant prejudice if their claim is delayed. Wooster Motor Ways has denied vicarious liability for Piper's torts, and its insurer has apparently denied coverage to Piper for the claims against him. Almeyda and Felt thus have a pressing need to prove that Wooster Motor Ways is liable for Piper's conduct, or for proving their direct liability claims for negligent hiring, training, and supervision. Wooster Motor Ways has also implied that it has insufficient coverage for the claims against it, making it urgent for Plaintiffs to identify any potential third parties who could also be liable. The statute of limitations on any third-party claims will not be tolled by a stay in this action – so it is imperative that Plaintiffs obtain the discovery necessary to identify any such parties as soon as possible. All of these interests favor allowing Plaintiffs to proceed with discovery.

For the fourth, fifth, and sixth factors, each factor again weighs against Wooster Motor Ways, because it has not been indicted and it is not entitled to raise any Fifth Amendment privilege. Wooster Motor Ways has no private interest in Piper's fifth amendment privilege and it is not burdened by

6

discovery being taken from it while charges are pending against Piper. Likewise, the Court's efficiency and the public interest weigh against allowing a corporate defendant to shield itself from discovery by asserting a co-defendant's Fifth Amendment privilege, particularly where that co-defendant has not even moved for a stay.

Wooster Motor Ways motion does not identify any compelling reason why the claims against it should be stayed. If Piper moves for a stay at a later date, a limited stay protecting Piper might be appropriate. But the criminal charges against Piper are not grounds to preclude Almeyda and Felt from pursuing their claims against Wooster Motor Ways.

### D. Almeyda and Felt are entitled to pursue their claims regardless of when, or whether, the Estate of Colton Tanner files suit.

The absence of the Estate of Colton Tanner from this action has no bearing on Almeyda's and Felt's right to pursue their claim. Although Wooster Motor Ways argues that this is a "final consideration weighing in favor of staying this proceeding", it cites no law in support of its assertion. There is no rule in this circuit that every plaintiff who could have a claim must be ready to file before any plaintiff is permitted to do so. The Estate of Colton Tanner could join in this suit at any time, could delay and choose to file suit just before the statute of limitations runs, could settle out of court without ever filing a claim, or may never pursue a claim at all. Regardless of what it chooses to do,

it is not an indispensable party under FRCP 19, so its absence is irrelevant to Almeyda's and Felt's claims. "Rule 19(a)(1)(A) is only concerned with whether Plaintiff may receive complete relief from this defendant." *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 884 (S.D. Ohio 2020). "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (internal citations and quotations omitted).

Here, Wooster Motor Ways makes no argument that the Estate of Colton Tanner is an indispensable party, because it is not. Instead, Wooster Motor Ways offers a false appeal to sympathy – arguing it would be indecent to force the Estate of Colton Tanner to join this suit. But that is not happening. The Estate of Colton Tanner is free to proceed as it chooses, on its own timeline, just like Almeyda and Felt. The assertion that Almeyda and Felt have somehow harmed Colton Tanner's family by pursuing their own claims in this action is specious and poorly asserted.

### III. Conclusion

For these reasons, Plaintiffs respectfully move this Court to deny Defendant Wooster Motor Ways' Order staying this proceeding.

Respectfully submitted,

*/s/ Adrian Mendiondo*
ADRIAN MENDIONDO
Morgan & Morgan, Kentucky, PLLC
333 West Vine St., Suite 1200
Lexington, KY 40507
Phone: (859) 469-7954
Fax: (859) 899-9765
amendiondo@forthepeople.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was served via email on this, the 28th day of April 2025, on the following:

Christina R.L. Norris
Cash C. Collins
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower St.
Prospect, KY 40059
Phone: (502) 589-4440
Fax: (502) 410-0528
cnorris@goldbergsimpson.com
ccollins@goldbergsimpson.com
*Counsel for Defendant Wooster Motor Ways, Inc.*

*/s/ Adrian Mendiondo*
Adrian Mendiondo
*Counsel for Plaintiffs*