UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25cv-85-RGJ
*Electronically Filed*

TIFFANY ALMEYDA
and
KENNETH FELT JR.                                                                PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER                                                                    DEFENDANTS

---

**PLAINTIFFS' RESPONSE TO DEFENDANT RICHARD PIPER'S MOTION FOR STAY**

---

Plaintiffs, Tiffany Almeyda and Kenneth Felt, Jr., for their response to Richard Piper's Motion to Stay, state as follows:

"[N]othing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) *(quoting Chao v. Fleming,* 498 F.Supp.2d 1034, 1037 (W.D.Mich.2007) and *S.E.C. v. Novaferon Labs, Inc.,* No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. Aug. 14, 1991). While the power to enter a stay rests with the district court, it "must tread carefully in granting a stay of

1

proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Here, the Court has broad discretion to deny Piper's Motion for Stay in its entirety, and Plaintiffs request that the motion be denied outright.

But should this Court determine that a stay of discovery is appropriate to protect Piper's individual Fifth Amendment Privilege, that stay should be limited to discovery taken from Piper and should not extend to any discovery taken from Wooster Motor Ways. This is the procedure endorsed by this Court in *Embry v. Discount Motors, LLC*, 4:23-CV-00078-HBB, 2024 WL 558260, at *1 (W.D. Ky. Feb. 12, 2024) in the same circumstance. In *Embry* claims were brought against a corporate Defendant, Discount Motors, and its employees, Eddie Howard and Donald Adams, alleging that all were liable for criminal actions by Howard and Adams. *Id.* Adams and Discount Motors moved to stay all discovery in the case based upon criminal charges then pending against Adams. *Id.* This Court held that a stay was appropriate as to Adams but not as to Discount Motors. *Id.* The Plaintiffs have no objection to a similar limited stay being entered here.

There are six factors the Court should consider in evaluating any stay:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants

> have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). These factors weigh in favor of a limited stay that only precludes taking discovery from Piper, and weigh against a broader stay that precludes taking discovery from Wooster Motor Ways. *Embry v. Discount Motors, LLC*, 4:23-CV-00078-HBB, 2024 WL 558260, at *2.

Turning to the first two, Piper has been indicted and the charges against him overlap the claims against him in this case, but Wooster Motor Ways has not been indicted and there are no charges against it. *Id.* (The first factor "weighs in favor of Adams, but not against Discount Motors, as it is not subject to any criminal proceedings. The same holds true for the second element, as Adams has been indicted. Again, Discount Motors has not.").

Similarly, regarding the private interest of the defendants and the burdens imposed upon them by civil litigation coinciding with a criminal action in the midst of a criminal action, Piper may be unduly burdened answering discovery while the charges against him are pending but Wooster Motor Ways faces no such burden. *Id.* ("As to the private interest and burden on Adams, if discovery moves forward regarding his participation in the alleged wrongful conduct, he will be entitled to assert his Fifth Amendment privilege against self-

incrimination. On the other hand, Discount Motors is not entitled to assert such an objection"). *Id.* Further, while Piper might personally desire that discovery not be taken from Wooster Motor Ways because such discovery could incriminate him, he has no legal right to preclude such discovery and Wooster Motor Ways cannot evade discovery under the guise of protecting Piper from being incriminated. *Id.* ("Adams has failed to demonstrate how any of the discovery requests propounded to Discount Motors infringe upon his personal right not to be compelled to provide incriminating evidence under the Fifth Amendment" and "Discount Motors may not assert the objection").

Further, the Plaintiffs' interest weigh strongly in favor of entering only the narrowest stay necessary to preserve Piper's Fifth Amendment Privilege while permitting Plaintiffs to pursue their cause of action against Wooster Motor Ways. "[A] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy" that should be entered only where "the party seeking the stay … show[s] that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order. <u>F.T.C. v. E.M.A. Nationwide, Inc.</u>, 767 F.3d 611, 627–28 (6th Cir. 2014). Here, a stay will directly impact the Plaintiffs significant interest in pursuing civil claims for their physical injuries. This infringement on the Plaintiff's interests may be justified as to Piper who has an equally valid interest in protecting his Fifth Amendment privilege, but Wooster Motor Ways has no similar competing interest. Wooster

4

Motor Ways just does not want to be bothered with the litigation against it – that is not a sufficient to justify the remedy it seeks.

Finally, as to the interests of this Court and the public, these interests weigh against a stay as to either party. Piper is facing serious criminal charges for killing a person while drunkenly driving a semi-truck for Wooster Motor Ways. These charges could drag on for years, making the length of the stay indefinite and causing unnecessary delay for the court. Further, the public has a strong interest in seeing Piper and Wooster Motor Ways held to account for this misconduct, both civilly and criminally. F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 629 (6th Cir. 2014) ("The public interest is furthered where individuals' injuries are remedied in a timely manner.")

For these reasons, Plaintiffs respectfully request that this Court deny the motion in its entirety. Alternatively, Plaintiffs respectfully request that this Court grant a stay only as to discovery taken from Defendant Piper, and permit the Plaintiff to proceed with taking discovery from Defendant Wooster Motor Ways.

>Respectfully submitted,
>
>*/s/ Adrian Mendiondo*
>ADRIAN MENDIONDO
>Morgan & Morgan, Kentucky, PLLC
>250 W Main St., Suite 2100
>Lexington, KY 40507
>amendiondo@forthepeople.com
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was served via email on this, the 3rd day of June 2025, on the following:

Christina R.L. Norris
Cash C. Collins
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower St.
Prospect, KY 40059
Phone: (502) 589-4440
Fax: (502) 410-0528
cnorris@goldbergsimpson.com
ccollins@goldbergsimpson.com
*Counsel for Defendant Wooster Motor Ways, Inc.*

/s/ Adrian Mendiondo
Adrian Mendiondo
*Counsel for Plaintiffs*