UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NUMBER 3:25-CV-00085-RGJ-LLK

TIFFANY ALMEYDA and
KENNETH FELT JR.                                                                              PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC. and
RICHARD PIPER                                                                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

Currently pending before the Court are separate motions to stay this action filed by Defendants. The first was filed on April 14, 2025, by Defendant Wooster Motor Ways, Inc. ("Wooster") [DN 11], to which Plaintiffs Almeyda and Felt filed a Response in opposition [DN 12], and Defendant Wooster replied. [DN 14]. On May 1, 2025, *pro se* Defendant Richard Piper ("Piper") filed a handwritten document requesting a stay/joining Defendant Wooster's Motion to Stay and Asserting his Fifth Amendment rights [DN 13], which this Court deemed a Motion to Stay and asked Plaintiffs to file a separate Response [DN 17]. The Plaintiffs have now responded in opposition to Defendant Piper's Motion to Stay [DN 18], and the issue is ripe for determination.

For the reasons that follow, the Defendant Wooster's Motion to Stay is DENIED. A stay of discovery as to Defendant Piper is GRANTED in order to protect his Fifth Amendment rights, as will be more fully discussed below.

I. Factual Background

Plaintiffs Almeyda and Felt filed this action against Defendants Wooster and Piper in Jefferson Circuit Court for injuries they sustained in an August 12, 2024, multi-vehicle collision on I-64 westbound in Jefferson County, Kentucky. [DN 1-2] at 2. In their Complaint, Plaintiffs

allege that Defendant Piper was the employee/agent of Defendant Wooster and operating a tractor-trailer on Wooster's behalf while intoxicated when he failed to slow for heavy traffic and rearended a vehicle resulting in the death of Colton Tanner, and the injuries of Plaintiffs Almeyda and Felt. Defendant Wooster filed a Notice of Removal to this Court on February 14, 2025. [DN 1]. Defendant Piper has since been indicted on multiple charges, including murder, assault, wanton endangerment, and reckless driving. [DN 11-1] at 3. Notably, Defendant Piper's involvement in this case thus far has been *pro se*.

## II. Motions to Stay

Defendant Wooster moved to stay this litigation because: 1) its co-defendant Richard Piper is currently incarcerated and facing felony charges including murder in Jefferson County Circuit Court; 2) Defendant Piper's Fifth Amendment right against self-incrimination is at risk in this civil litigation; and 3) the Estate of Tanner Colton is not currently a party to this proceeding and Wooster may incur duplicate defense costs if the Estate brings suit later. [DN 11]. Defendant Piper's *pro se* filing essentially joined Wooster's Motion and asserted his Fifth Amendment rights [DN 13]. Defendants ask this Court to utilize its inherent power to manage the litigation on its docket so that discovery in this civil case does not impair defenses in the related criminal case.

Plaintiffs' Response to Defendant Wooster's Motion objects to any stay, noting recent decisions within this district and circuit declining to stay civil litigation because criminal proceedings are pending. Plaintiffs cite to this Court's ruling in *Embry v. Discount Motors, LLC*, 4:23-CV-78-HBB, 2024 WL 558260 (W.D. Ky. Feb. 12, 2024)—denying a stay to an unindicted corporate defendant but granting a discovery stay as to its employee/indicted criminal defendant—as being analogous to this case. In *Embry*, claims were brought against corporate defendant Discount Motors and two of its employees, alleging that they were all civilly liable for the criminal

actions of the two employees. The two employees were under state criminal indictment for the same behaviors that gave rise to the civil litigation, and both the corporation and one of the employees sought to stay all discovery in the civil case pending resolution of the criminal indictment. In declining to allow Discount Motors a stay, Magistrate Judge Brennenstuhl noted that there were no criminal charges pending against the corporation and that corporate entities are not entitled to assert a privilege against self-incrimination under the Fifth Amendment: "It has long been settled in federal jurisprudence that the constitutional privilege against self-incrimination is 'essentially a personal one, applying only to natural individuals.' It 'cannot be utilized by or on behalf of any organization, such as a corporation.'" *George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 288-89 (1968) (internal citation omitted).

Plaintiffs Almeyda and Felt further argue that their action need not wait on the Estate of Colton Tanner to proceed, as suggested by Defendant Wooster. Defendant Wooster posits that Colton Tanner's family needs time to "physically, mentally, and emotionally prepare for litigation" [DN 14] at 6, to which Plaintiffs argue that "there is no law requiring all potential plaintiffs to file an action before any potential Plaintiffs can proceed." [DN 12] at 2. Plaintiffs note that the Estate of Colton Tanner is not an indispensable party to this litigation under FRCP 19, and that the estate remains free to join this suit, file suit separately, settle out of court without ever filing a claim, or never pursue a claim at all. *Id*. at 7-8. Finally, Plaintiffs Almeyda and Felt take issue with Wooster's suggestion that the early filing of their own claims has somehow harmed Colton Tanner's family. *Id*.

In Response to Defendant Piper's *pro se* Motion for Stay, Plaintiffs continue to argue that there is no Constitutional right to a stay of civil proceedings in the face of a pending criminal indictment. However, Plaintiffs concede that this Court may determine that a stay of discovery is

3

appropriate in order to protect Defendant Piper's Fifth Amendment rights. If so, Plaintiffs request that any stay be limited to Defendant Piper and not extend to Defendant Wooster. Citing *Embry*, Plaintiffs note that Judge Brennenstuhl held that a stay of discovery was appropriate as to the employee Defendant facing criminal charges, but not as to his employer, Discount Motors.

### III. Standard of Review

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests within the sound discretion of the District Court. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citation omitted). District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id*. at 627 (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). While the power to enter a stay rests with the district court, it "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. U.S. District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). Furthermore, "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy," and "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Johnson, next friend of C.P.S. v. Hamilton City Gov't*, No. 1:19-cv-329, 2020 WL 6479558, at *1 (E.D. Tenn. Feb. 26, 2020) (citations and internal quotation marks omitted). The party seeking the stay bears the burden for establishing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council*, 565 F.2d at 396.

District courts considering a stay of civil proceedings while a parallel criminal action is pending look at the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case, including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) "the interests of the courts"; and (6) "the public interest." *F.T.C.*, 767 F.3d at 627. As part of this multi-factor analysis, courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quotation marks omitted). The party seeking the stay bears the burden of showing a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627-28. *See also Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021).

## IV. Discussion

As to the first factor, the claims asserted in this civil action and the charges lodged against Defendant Piper in the criminal action overlap, as they stem from the same motor vehicle accident. This factor supports a stay for Defendant Piper, but not for Defendant Wooster, as Wooster is not currently facing criminal prosecution. Defendant Piper's Motion indicates that he has been indicted: "I join the Defendant Wooster in its motion to stay this case until the criminal case is over. This is important because I am charged with murder in state court. I could be in prison for the rest of my life." [DN 13] at 2. The second factor weighs in favor of a stay for Defendant Piper, as he is currently under criminal indictment, but does not weigh in favor of Defendant Wooster, given it has not been criminally indicted. "Trial courts within the Sixth Circuit have treated this scenario—'a party under indictment for a serious offense required to defend a civil or

5

administrative action involving the same matter'—as 'the *strongest case* for deferring civil proceedings until after completion of criminal proceedings.'" *Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (emphasis added) and citing *S.E.C. v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016); *Bunch v. Foley*, No. 1:15-CV-1114, 2015 WL 7871051, at *2 (W.D. Ky. Dec. 3, 2015)). In fact, "[a] stay is most appropriate where a party to the civil case has been indicted for the same conduct because (1) 'the likelihood that a defendant may make incriminating statement is greatest after an indictment has issued ….'" *Sec. & Exch. Comm'n v. Bongiorno*, No. 1:20-CV-00469, 2022 WL 891811, at *3 (N.D. Ohio Mar. 28, 2022) (quoting *F.T.C.*, 767 F.3d at 628); *Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 507881, at *2 (S.D. Ohio Feb. 11, 2021).

    The third and fourth factors require courts to "balance the private interests of the parties against the potential prejudice faced by each." *Sikon v. Carroll County, Ohio*, No. 5:20-CV-0674, 2020 WL 8838043, at *3 (N.D. Ohio June 12, 2020). The Sixth Circuit has identified the balancing of hardships as the most important factor in a court's analysis. *Napper*, 2021 WL 1084970, at *3. Courts recognize that "[d]elay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness unavailability is high." *Johnson*, 2020 WL 6479558 at *3. Similarly, courts in this circuit have acknowledged that the "[t]he simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, 'may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.'" *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) (quoting *State Farm Life Ins. Co. v. Lindsey*, No. 2:14-CV-1902, 2015 WL 12991126, at *1 (S.D. Ohio June 29, 2015)).

The third and fourth factors weigh in favor of Plaintiffs. When the hardships in this case are weighed, the Court recognizes that Defendant Wooster may incur duplicate defense costs should it be required to defend two separate cases arising out of this accident. However, when compared to the interests of the Plaintiffs, it is more than hypothetical that their case could be seriously prejudiced by a delay. Identifying and finding witnesses and preserving for timely review the physical evidence in this case are only two of many discovery processes that could be impaired for Plaintiffs by a stay. With regard to Defendant Piper, however, the Court finds that the risk that his Fifth Amendment privilege against self-incrimination could be undermined weighs in favor of a limited stay of discovery in the case against him. Courts within this district have recognized that this self-incrimination concern represents a "significant hardship" for a criminal defendant that weighs in favor of a stay. See for example *Clark v. Louisville City Metro Gov't*, No. 3:17-CV-419, 2019 WL 4317057, at *3 (W.D. Ky. Sept. 11, 2019).

Both the fifth and sixth factors – the Court's and the public's interests – weigh in favor of a stay as to Defendant Piper. The Court's involvement in discovery disputes regarding Defendant Piper's assertion of his Fifth Amendment rights would be limited by such a stay. And the public interest would also be served by more efficient use of this Court's time spent handling other issues. An open-ended delay is neither necessary nor efficient in this case.

Certainly, the Plaintiffs have an interest in the prompt resolution of their civil action and a stay of discovery could impede that interest. However, the Court believes that a measured stay could balance the Plaintiffs' interests and Defendant Piper's Fifth Amendment rights in this case. A limited stay of discovery for purposes of Defendant Piper is in order, to the extent such discovery implicates his Fifth Amendment rights. *Napper*, 2021 WL 1084970 at *4. Plaintiffs may however, continue with discovery from Defendant Wooster and any nonparties. Accordingly,

## V. Conclusion

IT IS ORDERED that Defendant Wooster's Motion to Stay this proceeding is DENIED. Defendant Piper's Motion to Stay is GRANTED. The Court STAYS discovery, pleadings, and other pretrial obligations as to Defendant Piper in order to protect his Fifth Amendment rights.

June 13, 2025

*Lanny King, Magistrate Judge*
*United States District Court*