TIFFANY ALMEYDA
and
KENNETH FELT JR.     PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER     DEFENDANTS

## JOINT RULE 26(f) REPORT

1. The following attorneys participated in the drafting of the FRCP 26(f) Report: (1) Adrian Mendiondo, on behalf of Plaintiffs, Tiffany Almeyda and Kenneth Felt Jr.; and (2) Christina R.L. Norris, on behalf of Defendant Wooster Motor Ways, Inc.

2. **Discovery plan.** The parties propose the following discovery plan pursuant to Rule 26(e)(3):

    (a) The parties will exchange initial disclosures under Rule 26(a) on or before **July 16, 2025**.

    (b) This case arises out of a motor vehicle accident. The parties anticipate discovery will be needed on the following subjects: liability for and the facts of the accident, causation, Plaintiffs' alleged damages, and Defendants' affirmative defenses. The parties do not believe discovery should be conducted in phases or initially limited to particular issues.

(c)     Disclosure or discovery of electronically stored information (ESI) will be handled as follows: given the nature of the claims, the parties do not currently anticipate that this is a case in which there will be significant ESI to search for, produce, and/or review; to the extent ESI exists, the parties will work together to exchange ESI in formats that are compatible with their counsel's ESI processing and review software and via PDF if requested; and to the extent any issues arise with the scope of ESI sought and/or its production, the parties will work together in good faith to resolve all such issues.

(d)     If necessary, the parties will file an agreed confidentiality and protective order regarding the parties' and any non-parties' production of confidential and/or proprietary information and documents in the case. The parties do not anticipate any issues about claims of privilege or trial preparation materials at this time.

(e)     The parties do not propose any limits on the number of written discovery requests or the length of the depositions, other than those contained in the Federal Rules of Civil Procedure. Counsel will seek to resolve any discovery disputes in good faith prior to seeking judicial intervention.

(f)     The parties have agreed to a procedure regarding the handling of privileged information or documents protected by the attorney work product doctrine that are inadvertently produced, as follows: The parties agree that the inadvertent production of documents or information shall not, in and of itself, waive any privilege that would otherwise attach to the documents or information produced. Promptly upon learning of the inadvertent production, the producing party shall give opposing counsel notice of the claimed inadvertent production. A party receiving documents is under a good-faith obligation to promptly alert the producing party if a document appears on its face or in light

of facts known to the receiving party to be privileged. Once an inadvertently produced document has been identified, the receiving party must promptly return, or sequester the specified information and may not use or disclose the information until the privilege claim is resolved. Upon resolution of an inadvertent production claim in favor of the producing party, the originally produced documents and all copies shall be returned to the producing party. The parties do not request an order under Federal Rule of Evidence 502.

(g) The parties are not presently aware of any other orders the Court should issue under Rule 26(c) or Rule 16(b).

3. **Scheduling:** The parties propose the following deadlines in this litigation:

(a) All motions for leave to amend the pleadings and/or join additional parties shall be filed on or before **October 9, 2025**.

(b) The parties will serve any supplementation required by Rule 26(e) no later than thirty (30) days before the close of discovery.

(c) Plaintiffs will serve their expert disclosures and reports no later than **February 9, 2026.** Defendants will serve their expert disclosures and reports no later than **April 9, 2026**.

(d) The parties will complete all fact and expert discovery by **June 9, 2026**.

(e) Dispositive motions shall be filed on or before **July 9, 2026**.

(f) The parties will file their Rule 26(a)(3) final witness lists, exhibit lists, and designation of witnesses whose testimony will be presented by deposition no later than sixty (60) days before trial.

(g) The parties will file objections under Rule 26(a)(3) no later than forty-five (45) days before trial.

(h) The parties ask that this case be set for a <u>jury trial on or about **August 2026**</u>. The parties currently anticipate the trial will take 3 days. The parties request a final pre-trial conference on or about <u>four (4) weeks before trial commences</u>.

4. **Other items:**

(a) The parties agree to accept electronic service of pleadings and documents in lieu of hard copies.

(b) The parties believe that scheduling an early settlement conference and/or mediation in the case after initial disclosures and depositions of the parties may be helpful but will have a better idea at that point in discovery.

(c) Defendants do not consent to jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c).

I have seen and agree with the foregoing litigation plan and discovery schedule:

| | |
|---|---|
| */s/ Adrian Mendiondo* | */s/ Christina R.L. Norris (with permission)* |
| Adrian Mendiondo | Christina R.L. Norris |
| *Counsel for Plaintiffs* | *Counsel for Defendant Wooster Motor Ways, Inc.* |

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was served via email on this the 14th day of July 2025 on the following:

Christina R.L. Norris
Cash C. Collins
Dinsmore & Shohl LLP
101 S Fifth St., Suite 2500
Louisville, KY 40202
Phone: (502) 581-8000
Fax: (502) 585-2207
Christina.Norris@dinsmore.com
Cash.Collins@dinsmore.com
*Counsel for Defendant Wooster Motor Ways, Inc.*

/s/ *Adrian Mendiondo*
Adrian Mendiondo
*Counsel for Plaintiffs*