UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25cv-85-RGJ
*Electronically Filed*

TIFFANY ALMEYDA
and
KENNETH FELT JR.                                        PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER                                               DEFENDANTS

---

**PLAINTIFFS' RESPONSE TO DEFENDANT WOOSTER MOTOR WAYS, INC.'S MOTION FOR VOLUNTARY REMAND**

---

The Plaintiffs, Tiffany Almeyda and Kenneth Felt Jr., for their Response to Defendant Wooster Motor Ways, Inc.'s Motion for Voluntary Remand, state as follows:

The Defendant's Motion for "Voluntary Remand" seeks relief that does not exist and that this Court has no discretion to grant. The state law claims at issue in this case were removed by the Defendant to this Court on February 14, 2025. Defendants admitted in that Notice that this action "is one over which the Court has original jurisdiction under 28 U.S.C. §1332(a)(1) and is one which the Defendants may remove to this Court under 28 U.S.C. § 1441, because this is an action between citizens of different states and the amount

1

in controversy exceeds $75,000, exclusive of interest and costs." Notice of Removal [DN 1, p. 2]. "Consistent with the Constitution's grant of judicial power over diversity cases, Congress has provided that '[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States.'" *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010), *quoting* 28 U.S.C. § 1332(a).

Once this Court's original jurisdiction over a matter is invoked, it is required to decide the matter. "When a party properly files a case in federal court, 'we must decide it,' as '[w]e have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Gray*, 628 F.3d at 785, *quoting Cohens v. Virginia,* 19 U.S. 264, 404, 6 Wheat. 264, 5 L.Ed. 257 (1821). Although there are extremely limited exceptions to this "virtually unflagging" duty, *Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988), there is no exception to the Court's requirement to decide state law damages claims removed to it pursuant to its original diversity jurisdiction. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011) ("If there is diversity jurisdiction, the district court may not decline to decide the state-law claims"); *Strickland v. Wells Fargo & Co.*, 1:16-CV-00109, 2016 WL 6127838, at *2 (W.D. Mich. July 26, 2016) ("While a court may exercise its discretion to dismiss or remand a case lacking a federal claim, the court does

2

not have the authority to decline to hear a removed case that is subject to federal diversity jurisdiction").

Defendant's Motion tries to avoid these well-established rules regarding original diversity jurisdiction by instead arguing the standard for declining to exercise supplemental jurisdiction. Motion for Voluntary Remand [DN 27].[1] But the standard for exercising supplemental jurisdiction over state law claims over which the Court does not have original jurisdiction does not apply to state law claims over which the Court has original diversity jurisdiction:

> Although the district court may exercise supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, supplemental jurisdiction is discretionary, not mandatory. *See Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir.2010). If there is diversity jurisdiction, the district court may not decline to decide the state-law claims.

*Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011).

---

[1] Every federal case cited in Defendants Motion involves remand of supplemental claims after dismissal of the claims over which the Court had original jurisdiction. See *Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (District Court had discretion to decline jurisdiction over "pendent state law claims" after dismissing federal claims); *Stephens v. Brown Wood Preserving Company, Inc.*, 3:24-CV-00356-RGJ, 2025 WL 676072, at *2 (W.D. Ky. Mar. 3, 2025) ("Dismissal of the sole federal claim creates a question of whether this court should continue to exercise supplemental jurisdiction over the remaining state law claims or remand the case"); *Reid v. Atlas Cars, Inc.*, 3:23-CV-00040-RGJ, 2024 WL 1812157, at *1 (W.D. Ky. Apr. 25, 2024) ("The Court declines to exercise supplemental jurisdiction over Plaintiff Amber Reid's ('Reid') remaining state law claims against Defendant Atlas Cars, Inc. ('Atlas')"); *Hasken v. City of Louisville*, 3:00CV-546-S, 2003 WL 25914386, at *1 (W.D. Ky. July 31, 2003) ("The issue raised by the Kurtsinger's motion is whether this court should exercise supplemental jurisdiction over the 140 state law breach of contract and wage and hour claims").

The only claims at issue in this case are those over which Defendants admit this Court has original diversity jurisdiction. This Court has no discretion to remand those claims. Supplemental jurisdiction is not at issue in this case. Therefore, the Defendants' motion should be denied.

For these reasons, Plaintiffs respectfully move this Court to deny Defendant Wooster Motor Ways' Motion to Remand.

>Respectfully submitted,
>
>*/s/ Adrian Mendiondo*
>ADRIAN MENDIONDO
>Morgan & Morgan Kentucky, PLLC
>250 W Main St., Suite 2100
>Lexington, KY 40507
>Phone: (859) 469-7954
>Fax: (859) 899-9765
>amendiondo@forthepeople.com
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was served via email on this, the 15th day of October 2025, on the following:

Christina R.L. Norris
Cash C. Collins
Dinsmore & Shohl LLP
101 S Fifth St., Suite 2500
Louisville, KY 40202
Phone: (502) 581-8000
Fax: (502) 585-2207
Christina.Norris@dinsmore.com
Cash.Collins@dinsmore.com
*Counsel for Defendant Wooster Motor Ways, Inc.*

                                              */s/ Adrian Mendiondo*
                                              Adrian Mendiondo
                                              *Counsel for Plaintiffs*