UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIFFANY ALMEYDA                                                                                         Plaintiffs
AND KENNETH FELT JR.,

v.                                                                                         Civil Action No. 3:25-cv-85-RGJ

WOOSTER MOTOR WAYS INC.                                                                                 Defendants
AND RICHARD PIPER,

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Wooster Motor Ways Inc. ("Wooster") moves to remand. [DE 27]. Plaintiffs Tiffany Almeyda and Kenneth Felt Jr. ("Plaintiffs") responded [DE 29], and Wooster replied [DE 31]. Wooster also moved for oral argument on the motion to remand [DE 34] and Plaintiffs responded [DE 35]. Plaintiffs filed a motion for leave to file sur-reply or to strike. [DE 32]. Defendants did not respond. These matters are ripe. For the reasons below, Wooster's motions [DE 27; DE 24] are **DENIED** and Plaintiffs' motion [DE 32] is **DENIED as moot**.

**I.    BACKGROUND**

This case arises out of a motor vehicle accident which occurred on August 12, 2024, in Jefferson County, Kentucky. [DE 1 at 1]. At the time of the accident, Defendant Richard Piper ("Piper") was operating a tractor-trailer owned by Wooster. [DE 11-1 at 114]. Piper collided with a vehicle operated by Colton Tanner ("Tanner"), who died in the accident. [*Id.*]. Tanner's vehicle then collided with Plaintiffs' vehicle, causing Plaintiffs to strike to other vehicles. [*Id.*].

On January 13, 2025, Plaintiffs filed a complaint in Jefferson Circuit Court asserting claims for (1) negligence, (2) negligence *per se*, and (3) negligent hiring, supervision and entrustment

1

against Wooster, and claims for negligence and negligence *per se* against Piper. [DE 1-1 at 6–10].[1] Wooster timely filed a notice of removal on February 14, 2025, pursuant to 28 U.S.C. § 1446. [DE 1]. As a basis for removal, Wooster asserted that there is diversity of citizenship between Plaintiffs (citizens of Florida), Wooster (a citizen of Ohio), and Piper (also a citizen of Ohio). [*Id.* at 2].

On August 25, 2025, Tanner's estate filed suit in Jefferson Circuit Court against Wooster, Piper, and a non-diverse party, Kentucky Farm Bureau Mutual Insurance Company (the "Tanner Action"). [DE 27 at 200].[2]

On October 9, 2025, Wooster filed the instant motion to remand this matter back to Jefferson Circuit Court, so that it may be consolidated with the Tanner Action. [DE 27].

## II.    STANDARD

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). Pursuant to 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

## III.    DISCUSSION

Wooster does not dispute that this Court has subject matter jurisdiction. Instead, Wooster argues that remand is warranted because this matter and the Tanner action will involve "the same

---

[1] *See* Jefferson Circuit Court, Case No. 25-CI-000208.
[2] Wooster apparently concedes that Tanner's estate is domiciled in Kentucky, and thus diverse from the parties in the instant case. [*See id. See also* DE 27-1 at 211 (alleging that Tanner was a resident of Kentucky prior to his death and that the estate administrator, Tanner's father, is a resident of Kentucky)].

factual evidence, identical or near-identical expert evidence and legal issues, the same discovery issues, and dispositive pleading practice, and all-but identical trials." [DE 27 at 203]. Thus, Wooster concludes, "the only reasonable decision in the interest of judicial economy to avoid having to defend across multiple courts, is this case must be remanded Jefferson Circuit Court." [*Id.*].

Plaintiffs are correct that Wooster's motion fails to identify any authority that would authorize remand in this case. Indeed, remand in this case is expressly barred by 28 U.S.C. § 1447, which states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must be made within 30 days* after the filing of the notice of removal under section 1446(a)." Here, Wooster did not move to remand this matter until well after 30 days from the filing of the notice of removal, meaning the motion is time-barred by the plain language of the statute.[3]

Even if the motion to remand had been timely filed, Wooster "has presented no authorized basis for remand." *Price v. Biomet Microfixation, LLC*, No. 1:14-CV-222, 2014 WL 11510475, at *1 (E.D. Tenn. Nov. 17, 2014) (denying plaintiffs' request "for the case to be remanded to state court so that it may be transferred and consolidated with the pending state court case"). To be sure, there are significant policy considerations, including a waste of judicial resources and the desire to avoid piecemeal litigation, that weigh against this case being tried separately from the Tanner Action. This Court, however, simply does not have discretion to decline jurisdiction where the case was validly removed under the procedures established by Congress, where Congress has not authorized remand. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800,

---

[3] Of course, Wooster's failure to move for remand within 30 days was through no fault of its own. Wooster could not be certain what forum the Tanner Action would be brought in or that it would not be removable. Even so, Congress could have provided an exception for judicial economy to the 30-day limitation period, as it did for when there is a lack of subject matter jurisdiction, but Congress chose not to do so.

817 (1976) (noting the "virtually unflagging obligation of federal courts to exercise the jurisdiction given to them"); *Fire-Dex, LLC v. Admiral Insurance Company*, 139 F.4th 519, 526 (6th Cir. 2025) ("When Congress vests jurisdiction in a federal court, the court generally must adhere to that command. As the Supreme Court has put it, federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction that Congress bestows on them.").

The only federal cases cited by Wooster in support of its motion are inapposite. The majority of cases involve determinations of whether to remand state law claims over which the Court had only supplemental jurisdiction. *See, e.g., Stephens v. Brown Wood Preserving Company, Inc.,* 3:24-CV-00356-RGJ, 2025 WL 676072, at *2 (W.D. Ky. Mar. 3, 2025) ("Dismissal of the sole federal claim creates a question of whether this court should continue to exercise supplemental jurisdiction over the remaining state law claims or remand the case"). [*See also* DE 29 at 266, n.1 (collecting cases)]. None of those cases stand for the proposition that a Court may remand a properly removed case over which it retains original diversity jurisdiction due to a parallel state court proceeding.

In its Reply brief [DE 31], Wooster cites only two out-of-circuit cases, *Morze v. Southland Corp.*, 816 F. Supp. 369 (E.D. Pa. 1993) and *Shur v. Bihi*, No. 24-cv-02761-KAS, 2024 WL 5716809 (D. Co. October 8, 2024), where, according to Wooster, district courts "have remanded actions to state courts under circumstances comparable to those *sub judice*." [DE 31 at 270]. These cases are also unavailing.

In *Morze,* the district court applied the standard for joinder under Section 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Wooster's reliance on *Morze* is

4

misplaced, however, because there the *plaintiff* sought to add a *non-diverse* necessary party after learning of the party's existence in discovery. *Morze*, 816 F. Supp. 369 at 370, n.4 (plaintiff's motion stated that defendant in state court action was "an absolute necessary party to the instant case but that his joinder" would destroy diversity jurisdiction). Neither *Morze* nor Section 1447(e) provide the authority to remand in this case because here it is the *defendant*, Wooster, seeking remand. And while Wooster admits that it "has anticipated since the near inception of this proceeding that the Estate of Colton Tanner was a necessary and indispensable party to any litigation involving this accident," [DE 27 at 203], Wooster never moved to join Tanner's estate as a necessary plaintiff. Even if Wooster had, joinder of Tanner's estate would not destroy diversity because Tanner's estate is domiciled in Kentucky for the purposes of subject matter jurisdiction.

Next, in *Shur*, the magistrate judge construed the defendants' unopposed motion to remand as "a voluntary remand based on Plaintiff's assurance that he will not seek more than $75,000 in damages." 2024 WL 5716809, at *1. Relying on a line of cases where defendants have been sanctioned for failing to voluntarily remand an action, the court concluded that removing defendants must have the discretion to "voluntarily remand a case back to state court." *Id.* Wooster's reliance on *Shur is* equally misplaced for two reasons. First, the *Shur* plaintiffs consented to the "voluntary remand." Second, the cases on which the magistrate judge relied all involved instances where the defendants had improperly removed the case in the first instance. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (finding the defendant "had little or no basis for seeking removal of this action"); *Doe v. Pediatric Dental Grp., LLC*, No. 24-cv-00177-SEH-MTS, 2024 WL 4399430, at *1 (N.D. Okla. Oct. 3, 2024) ("Defendants' stated grounds for removal nearly fail to clear the low bar of objective reasonability."); *Final Touch Constr. of Colo., Inc. v. Kelly*, No. 23-cv-01348-GPG-STV, 2024

5

WL 402361, at *2 (D. Colo. Jan. 22, 2024) (concluding "that Defendants lacked an objectively reasonable basis for removing this action from state court"). Neither circumstance is applicable here, where Plaintiffs oppose Wooster's request for a "voluntary remand" and Wooster concedes that the case was properly removed.

In the absence of any on-point authority that expressly authorizes remand, Wooster nevertheless contends that "this Court has discretion to balance the equities and weigh the interests and prejudices to each party involved." [DE 31 at 274]. According to Wooster, the equitable principles underlying Section 1447(e) favor remanding this case. [*See id*. at 272 ("Exchanging 'the plaintiff' for Wooster under the [applicable 1447(e) balancing] test, the result is clear. Wooster does not seek a voluntary remand out of gamesmanship, but rather to protect and promote the interests of all parties and the courts.")].

Setting aside that 1447(e) applies to plaintiffs, not defendants, Wooster's argument fails because it is premised on a "fundamental misunderstanding of the discretion that is—and is not—afforded district courts under section 1447(e)." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 173 (2d Cir. 2023) (vacating remand order from district court where remand was based on "abstention-like" grounds). When a plaintiff seeks to add a non-diverse defendant under Section 1447(e), "it is the joinder that is discretionary, not the remand." *Id.* As the Second Circuit recognized in *LeChase*, Wooster's argument is "sharply at odds with 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" 63 F.4th at 173 (quoting *Colorado River*, 424 U.S. at 817).

Indeed, to the extent that this Court *may* decline to exercise jurisdiction over this matter, that determination is governed by *Colorado River* doctrine, which Wooster fails to address. [*See also* DE 35 at 304 ("There are a few 'extraordinary and narrow' exceptions to that command . . .

6

but none have been claimed in this case and nor would they apply.")]. The Sixth Circuit recently addressed the rigorous test for abstention under *Colorado River* in *Healthcare Co. Ltd. v. Upward Mobility, Inc.*:

> The *Colorado River* abstention doctrine is premised on 'considerations of judicial economy and federal-state comity.' The doctrine recognizes that although federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts.' A *Colorado River* analysis has two steps. First, we must determine whether the state and federal proceedings are parallel. If they are not parallel, the district court should not abstain. If they are parallel, we weigh the eight Colorado River factors to determine whether abstention is merited.

784 F. App'x 390, 393 (6th Cir. 2019) (citation modified). The *Colorado River* factors "create a 'narrow exception'" to the general rule that federal courts cannot decline to exercise jurisdiction over properly removed cases. *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004). The Court therefore declines Wooster's invitation to apply the less rigorous test for section 1447(e) under *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See also LeChase*, 63 F.4th at 173 ("To allow district courts to import the value of judicial economy that animates *Colorado River*, into the rubric of section 1447(e), would be to invite an end-run around the rigors of our caselaw following *Colorado River*.") (citation modified). Accordingly, Wooster's motion to remand [DE 27] must be denied.

Additionally, Wooster moves for oral argument on the motion for remand. [DE 34]. Under Local Rule 7.1(f), a party may request oral argument "in a motion, response, or reply." The decision to grant or deny such a request is within the Court's discretion. *See generally* Fed. R. Civ. P. 78(b) (establishing that district courts may decide motions without oral argument); *Acuity Brands, Inc. v. Bickley*, No. 13-366-DLB-REW, 2017 WL 1426800, at *7 (E.D. Ky. Mar. 31, 2017). Moreover, it is well established that denial of oral argument is not prejudicial where the

7

parties had "an adequate opportunity to apprise the trial court with evidence and a memorandum of law." *McIntyre v. Schweitzer*, No. 5:20-CV-02577-DAR, 2023 WL 11926124, at *1 (N.D. Ohio Mar. 6, 2023) (citing *Lake at Las Vegas Investors Group, Inc. v. Pacific Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991), *cert. denied*, 503 U.S. 920 (1992) and *Scott v. Metropolitan Health Corp.*, Nos. 05–1948, 05–2642, 06–1122, 06–1652, 2007 WL 1028853 (6th Cir. Apr. 3, 2007) (stating that "dispositive motions are routinely decided on papers filed by the parties, without oral arguments"), *cert. denied*, 552 US 1224 (2008))).

In the present case, the motion to remand can be resolved without oral argument. The motion has been appropriately briefed, the issues are clear, and Court is unable to find any authority which supports Wooster's request. No further argument is necessary to resolve these motions. Accordingly, the Court will deny Wooster's Motion for Oral Argument. [DE 34]. *See Pedroso v. State Farm Mut. Auto. Ins. Co.,* No. 3:21-CV-540-CHB, 2023 WL 2587492, at *5 (W.D. Ky. Mar. 21, 2023).

Likewise, because the Court has determined that Wooster's motion to remand must be denied, it need not consider Plaintiff's motion for leave to file sur-reply or to strike [DE 32].

### IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Wooster's motion to remand [DE 27] and motion for oral argument [DE 34] and **DENIES as moot** Plaintiffs' motion for leave to file sur-reply or to strike [DE 32].

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Counsel of record

January 15, 2026