UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25cv-85-RGJ
*Electronically Filed*

TIFFANY ALMEYDA
and
KENNETH FELT JR. PLAINTIFFS

v.

WOOSTER MOTOR WAYS, INC.
and
RICHARD PIPER DEFENDANTS

---

**DEFENDANT WOOSTER'S MOTION FOR SUMMARY JUDGMENT**

---

Comes the Defendant, Wooster Motor Ways, Inc. (hereinafter "Wooster"), by counsel, and pursuant to Federal Rule of Civil Procedure 56, respectfully moves this Court for entry of an Order granting Defendant Wooster summary judgment as a matter of law.

A Memorandum in Support of this Motion is being filed contemporaneously herewith, which sets forth the arguments as to why Wooster is entitled to summary judgment as a matter of law. The essence of Wooster's argument is that Defendant Piper's intentional, criminal conduct was so outrageous, so dissimilar to authorized conduct, disqualifying under the FMCSA, and of such magnitude that it was personal and did not advance any interest of Wooster. Each of the parties' FMCSA experts agree that Piper's conduct at issue did not advance any interests of Wooster. Accordingly, Defendant Piper was not acting within the course and scope of employment at the time of the subject accident, and Wooster cannot be held vicariously liable for his tortious conduct. Further, Plaintiffs have failed to develop the record in support of their negligent hiring, training, supervision, retention, and entrustment claims. Under the record, Defendant Piper's conduct was unforeseeable,

and there is no causal nexus between Wooster's employment practices and the accident at issue. Moreover, Plaintiffs' claims of negligence *per se* against Wooster fail as a matter of law because the record does not support a finding that Wooster knowingly permitted Piper to operate a vehicle in a manner contrary to law pursuant to KRS § 189.224. Similarly, as the U.S. Department of Transportation audit found Wooster to be compliant with the Federal Motor Carrier Safety Act, and as the parties' FMCSA experts both agree Wooster did not violate any regulations under the FMCSA, the record does not a finding that Wooster violated 601 KAR 1:005 or 49 C.F.R. §§ 350-399.

For all reasons set forth in Defendant Wooster's Memorandum in Support submitted herewith, Defendant Wooster respectfully moves this Court for entry of an Order granting Defendant Wooster summary judgment as a matter of law.

Respectfully submitted,

***/s/Christina R. L. Norris***
Christina R. L. Norris (#81715)
Cash C. Collins (#99014)
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Phone: (502) 581-8000 | Fax: (502) 585-2207
christina.norris@dinsmore.com
cash.collins@dinsmore.com
*Counsel for Defendant,*
*Wooster Motor Ways, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3rd, 2026, I electronically filed this document through the ECF system, I served this document through electronic mail or USPS as notated upon the following:

Adrian Mendiondo
Shea Conley
Morgan & Morgan, Kentucky, PLLC
333 West Vine St., Suite 1200
Lexington, KY 40507
amendiondo@forthepeople.com
sconley@forthepeople.com
*Counsel for Plaintiffs*

**And sent a copy via USPS to:**
Richard E. Piper
Louisville Metro Department of Corrections
400 S. 6th Street
Louisville, KY 40202
Inmate#656299
*Pro se*

***/s/ Christina R.L. Norris***
*Counsel for Defendant,*
*Wooster Motor Ways, Inc.*